The Honorable Stanley Russ State Senator P.O. Box 787 Conway, Arkansas 72032
Dear Senator Russ:
This is in response to your request for an opinion on Initiated Act 1 of 1972, which repealed the Arkansas "full crew law." Specifically, you ask, on behalf of a constituent, whether the Missouri Pacific (Union Pacific) Railroad and/or the United Transportation Union can defer from or alter the protection of this law.
The act to which you refer, in addition to repealing the "full crew law" contained a provision which stated:
 No railroad employee who has seniority in train, engine or yard service in this state on the effective date of this Act shall be discharged, laid off, furloughed or suffer a reduction in earnings by reason of this Act.
Act 1 of 1972, 2. The effective date of the act was December 5, 1972.
I assume it is this provision of the act to which your question refers. It is my opinion that neither the Union Pacific Railroad or the United Transportation Union can violate the provisions of this law. It has been stated, however, that it is a question of fact as to whether a violation of this law has occurred. See, e.g., Op. Att'y Gen. 80-139 (copy enclosed) (opining that layoff of railroad employees due to the railroad's bankruptcy was not a violation because it was not "by reason of Act 1 of 1972"); and Op. Att'y Gen. 88-239 (copy enclosed) (opining that the amendment of existing labor contracts might run afoul of the provision above, but question of whether any adverse employment action was "by reason of" Act 1 was a question of fact to be made on a case-by-case basis).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
Enclosures